# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Sonia S.,

        Plaintiff,

v.

Frank Bisignano, Commissioner of Social Security,

        Defendant.

No. 25-cv-3095 (DLM)

**ORDER**

This matter is before the Court on Plaintiff Sonia S.'s Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA"). (Doc. 20.)

On July 31, 2025, Plaintiff filed a complaint challenging the Commissioner of Social Security's final decision denying her disability benefits. (Doc. 20 ¶¶ 1-3; *see generally* Doc. 1.) In an Order dated February 6, 2026, this Court remanded the matter to the Social Security Administration ("SSA") consistent with the parties' joint stipulation for remand. (Docs. 14, 16.) Plaintiff's counsel, Thomas A. Krause, now seeks attorney fees under the EAJA in the amount of $12,358.70 for a total of 47.8 hours of work performed on Plaintiff's case.

Defendant Frank Bisignano, Commissioner of Social Security, opposes Plaintiff's Motion and requests that the Court award a reduced total of $9,281.74. (Doc. 22 at 5.) In support of this request, Defendant makes two arguments. First, the Commissioner disputes compensation for tasks he deems clerical, including several client calls and emails to opposing counsel. (*Id.* at 2, 3.) Second, Defendant contends that the fee award should be

1

reduced because Plaintiff's counsel spent an unreasonable amount of time reviewing the medical record and drafting Plaintiff's brief. (*Id.* at 3, 4.) Plaintiff's counsel asserts that most of the work performed was legal in nature, not clerical, and that the novel medical issues presented in the case merited extra time for drafting and review. (Doc. 23.)

Weighing the arguments on either side, the Court concludes that the fee request is reasonable and accordingly grants the Motion (Doc. 20) before it.

## ANALYSIS

The EAJA authorizes an award of reasonable attorney fees when the party seeking fees is the prevailing party; the application of such fees is filed within thirty days of the final judgment in the action; the position of the government is not "substantially justified; and no special circumstances makes the award unjust. 28 U.S.C. § 2412(d)(1)(A), (B), & (D). The statute authorizes only those fees and expenses that are "reasonable." *Id.* § 2412(b). The party seeking the award shoulders the burden of establishing entitlement to fees and expenses. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In doing so, "[c]ounsel for the prevailing party has an ethical duty to make a good faith effort to exclude 'excessive, redundant, or otherwise unnecessary' hours from counsel's fee petition." *Semler v. Berryhill*, No. 16-cv-2445 (TNL), 2018 WL 1512056, at *4 (D. Minn. Mar. 27, 2018) (quoting *Hensley*, 461 U.S. at 434).

## I.   THE COURT FINDS THAT THE FULL AWARD IS JUSTIFIED.

The Commissioner objects to compensation of time Plaintiff's counsel billed for emailing and phoning Plaintiff, emailing Defendant's counsel requesting an extension of time, and completing the IFP and fee agreement. (Doc. 22 at 3.) In reply, Plaintiff's counsel

underscores the legal nature of the disputed tasks, arguing that those tasks are not clerical. (*See generally* Doc. 24.) Plaintiff's counsel does concede that 0.6 hours of billed time was clerical. (Doc. 24 ¶¶ 10, 13.) But, he says, because fees for litigating fee issues are compensable under the EAJA, and because he spent more than 1.5 hours preparing the Reply and supporting declaration, the Court should still award the full $12, 358.70 in attorney fees and expenses. (*Id*. ¶¶ 25, 26.)

Purely clerical work is not compensable as attorney fees under the EAJA. *Semler*, 2018 WL 1512056, at *1. Clerical work may include the "filing documents, preparing and serving summons, preparing and serving a civil cover sheet, mailing items to the court or other parties, downloading and emailing documents, and scanning documents as well as preparing an itemized invoice for legal services." *Id*.

In this case, the Court sides with Plaintiff's counsel. Plaintiff's counsel himself conceded that time billed for two emails qualified as clerical. But his description of the other disputed tasks demonstrates their legal character. (*See* Doc. 24 ¶¶ 3, 4, 5, 6, 7, 9, 11, 12, 14, 15.) Plaintiff's counsel has met his burden to show the reasonableness of the fees requested and the Court determines that the remaining disputed tasks are compensable under the EAJA. The Court also notes that all stages of litigation are compensable under the EAJA. *See Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 166 (1990) (holding that ". . . Congress intended the EAJA to cover the cost of all phases of successful civil litigation addressed by the statute."). Because Plaintiff's counsel has not requested compensation for time preparing the Reply, the Court finds that the full award is warranted, despite the reduction for conceded clerical work.

## II.    THE AWARD REQUEST IS NOT UNREASONABLE.

The Commissioner also objects to the request for EAJA fees on the basis that the time Plaintiff's counsel spent reviewing the medical record and drafting the complaint was unreasonable and excessive. Plaintiff's counsel responds that the time spent on review and briefing was reasonable and well within the typical range for which fees are awarded in this District. Plaintiff's counsel also represents that in his forty years of social security litigation, this case is his first to involve a claim of "convergent visual impairment" and so required additional research to best advocate for his client. (Doc. 24 ¶¶ 20, 21.)

The Court sides with Plaintiff. As the Commissioner notes, while courts generally limit the amount of compensable time to 20 to 40 hours in social security litigation, that range is flexible, dependent on the facts of the case. *See Carpenter v. Colvin*, Case No. 14–cv–1664 (JRT/TNL), 2016 WL 4218282, at *2 (D. Minn. Aug. 10, 2016). In this District, over fifty hours of compensable time has been awarded. *Zenobia W. v. Kijakazi*, No. 20-cv-2036 (JFD), 2022 WL 3755057, at *1 (D. Minn. Aug. 30, 2022) (collecting cases). Here, Plaintiff's counsel billed for a total of 47.8 hours. (Doc. 20-1 at 6, 7.) This total accords with standards in this District, and elsewhere. (*See also* Doc. 25.) And 28.7 hours of brief drafting is not unreasonable according to case law Commissioner himself cites. *See Glenn v. Astrue*, No. 10–06038-cv-SSA, 2011 WL 2135454, at *3 (W.D. Mo. May 31, 2011) (". . . 30 to 40 hours is not an unreasonable amount of time to spend writing a good quality brief in a Social Security case."). Finally, the 9.8 hours reviewing the medical records, which involved medical conditions with which Plaintiff's counsel was not familiar, is not excessive. Especially because the record before it shows that Plaintiff's counsel engaged

new medical issues—even in familiar legal frameworks—the Court determines that the requested award is neither excessive nor unreasonable.

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's Motion for Attorney's Fees (Doc. 20) is **GRANTED**;

2. The Court authorizes payment to Thomas A. Krause in the amount of $12,358.70 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 in attorney fees for court-related services.

DATED: May 13, 2026                     _s/Douglas L. Micko_
                                        DOUGLAS L. MICKO
                                        United States Magistrate Judge

5